IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M. RAPER, JR.                                                    PLAINTIFF

v.                              Civil No. 4:22-cv-04025

TINA MAXWELL and
WARDEN J. MINORS                                                   DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983. ECF No. 1. This Complaint was filed by Plaintiff James M. Raper, Jr. *Id.* On April 21, 2022, Defendants Tina Maxwell and John Minors filed the current Motion to Dismiss. ECF No. 10. Raper has responded, and he argues his case should not be dismissed. ECF No. 15.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, the Court finds Raper has failed to state a claim on his conditions of confinement claim. As such, this case must be **DISMISSED.**

I.    **Background**:

On March 10, 2022, Raper filed the current action. ECF No. 1. In his Complaint, Raper alleges that while being held at Southwest Arkansas Community Correction Center ("SACCC") from June 2021 until December 8, 2021, he was denied outside recreation time: "No outside or rec. time was granted in the 6 months I was incarcerated. We as residents were taken to the 'yard' on only 3 occasions over 6 months." ECF No. 1 at 4. Raper claims Defendants are liable in their individual and official capacities under 42 U.S.C. § 1983 for this denial. *Id.*

Raper alleges the following facts to supports his claim:

> While incarcerated at SWACCC from June until Dec 2021 Tina Maxwell (The
> Warden) and J. Minors (Assistant Warden) did not allow residents, inmates, outside
> rec time at all.  We went out a total of 3 times.  When request[s] were sent to
> administration or a grievance was tried I was told "Tell the government to give us
> more money to hire more guards then we will let you go outside."  There was not
> even a chance to use "inside rec." . . . We were locked in a building 24/7.

ECF No. 1 at 5-6.

## II.   __Applicable Law:__

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure,

a complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added).  Although detailed factual allegations

are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcoft v. Iqbal,* 556 U.S. 662, 678 (2009).  The

plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully.

*See Blomker v. Jewell,* 831 F.3d 1051, 1055 (8th Cir. 2016).

Courts should consider whether there are lawful, obvious alternative explanations for the

alleged conduct.  *See McDonough v. Anoka County,* 799 F.3d 931, 946 (8th Cir. 2015) (*citing Iqbal,*

556 U.S. at 678, 682).  Where the complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

relief.  *See id.*  When considering a motion to dismiss under Rule 12(b)(6), the court must accept as

true all factual allegations contained in the complaint, *Twombly,* 550 U.S. at 572, and must draw all

reasonable inferences in favor of the nonmoving party.  *See Cole v. Homier Distrib. Co., Inc.,* 599

F.3d 856, 861 (8th Cir. 2010).  A complaint, however, must contain more than labels, conclusions,

or a formulaic recitation of the elements of a cause of action, which means that the court is "not

bound to accept as true a legal conclusion couched as a factual allegation." *See Twombly,* 550 U.S. at 555. A district court is not required "to divine the litigant's intent and create claims that are not clearly raised" or "conjury up unpled allegations" to save a complaint. *See Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009).

**III.**   **Discussion**:

With the Motion currently before the Court, Defendants claim this case must be dismissed. ECF No. 11. Specifically, they claim both the official and individual capacity claims against them must be dismissed. Upon review, and based upon the following, the Court agrees with Defendants' argument and finds this case must be **DISMISSED.**

**A. Official Capacity Claims**

First, Raper has sued Defendants in their official capacities. In response to this claim, Defendants argue that as state employees, sovereign immunity bars any claim against them in their official capacities. ECF No. 11 at 3-4. The Court agrees with Defendants' argument. In their official capacities, state employee defendants are not subject to a 42 U.S.C. § 1983 lawsuit for monetary damages. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65-66 (1989). The Court in *Will* explained as follows: "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is not different from a suit against the state itself." *Id.*

Furthermore, the doctrine of sovereign immunity deprives federal courts of jurisdiction over suits against states and their agencies, boards, commissions, and other "alter egos" of a state, unless that state has waived its immunity or Congress has abrogated that immunity pursuant through a valid exercise of Congressional power. *See Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 54 (1996). Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983. *See*

*Will,* 491 U.S. at 65-66.  Further, Arkansas has not waived its sovereign immunity in § 1983 cases.

Accordingly, Raper's official capacity claims against Defendants must be dismissed.

### B. Individual Capacity Claims

Second, Raper claims Defendants are liable in their individual capacities under 42 U.S.C. §

1983.  In response, Defendants argues they are entitled to qualified immunity.  ECF No. 11 at 4-7.

Upon review, the Court agrees with Defendants' argument.

As an initial matter, qualified immunity should be considered as a part of a motion to dismiss.

Indeed, qualified immunity is an immunity from suit, not merely a defense to liability, and the

Supreme Court has repeatedly stressed that immunity questions should be resolved at the earliest

possible stage in litigation.  *See Pearson v. Callahan,* 555 U.S. 223, 231-32 (2009) (*citing Anderson

v. Creighton,* 483 U.S. 635, 640 n.2 (1987)).  Thus, the Court finds it is proper to consider this issue

at this time.

Qualified immunity "shields [a] government official from liability in a § 1983 action unless

the official's conduct violates a clearly established right of which a reasonable person would have

known." *Brown v. City of Golden Valley,* 574 F.3d 491, 495 (8th Cir. 2009).  To defeat qualified

immunity, Raper must show Defendants violated his clearly established constitutional rights.  With

his Complaint, Raper alleges these clearly established constitutional rights were violated because he

was limited to outside recreation time of only three times in six months.  ECF No. 1 at 4.

In evaluating a prisoner's claim for unconstitutional conditions of confinement (limited

outside recreation time as alleged in this case), a court must determine if the confinement imposed

an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life." *Wilkinson v. Austin,* 545 U.S. 209, 223 (2005) (quotations omitted).  Although there is no

clearly defined baseline for what is "ayptical," the Eighth Circuit has held that "demotion to

segregation, even without cause, is not itself an atypical hardship." *Smith v. McKinney,* 954 F.3d

1075, 1082 (8th Cir. 2020) (citations omitted).  Thus, to assert a liberty interest and succeed on a conditions of confinement claim, a plaintiff "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Id.*

Among the factors the court should consider in reviewing such a condition of confinement claim are the following: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement.  *See Wishon v. Gammon,* 978 F.2d 446, 449 (8th Cir. 1992).  The Eighth Circuit applies these factors leniently for jail facilities and prisons.  As an example, the Eighth Circuit has found that 37 days of solitary confinement, without an exercise break, did not violate the Constitution.  *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).  The Court found this restriction "did not constitute an atypical and significant hardship for [the inmate] in the context of normal prison life."  *Id.*

Based upon these cases and this review, the Court finds Raper's factual allegations do not plausibly state a violation of a clearly established constitutional rights.  Indeed, his Complaint does not provide sufficient information for the Court to properly analyze the factors relevant to this claim.  Also, consistent with *Phillips,* the Court cannot find that a limitation of three recreation visits during six months is an "atypical and significant hardship."  Thus, Defendants are entitled to qualified immunity as to these claims, and Raper's individual capacity claims should be dismissed.

**IV.    Conclusion:**

For the foregoing reasons, this Court recommends both Raper's official capacity and individual capacity claims as stated in his Complaint should be **DISMISSED**.  Because Raper has failed to state a claim upon which relief may be granted, this dismissal should be with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 15th day of September 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE