IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES M. RAPER, JR.                                              PLAINTIFF

v.                              Case No. 4:22-cv-4025

J. MINORS, Warden for Southwest Arkansas
Community Correction Center; and
TINA MAXWELL, Treatment Supervisor for
Southwest Arkansas Community Correction Center          DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 19. Plaintiff has objected.  ECF No. 20.  The Court finds the matter ripe for consideration.

## I. DISCUSSION

Plaintiff filed this *pro se* action against Defendants on March 10, 2022.  ECF No. 1. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 against Defendants in their individual and official capacities.  *Id*. at p. 5.  Plaintiff alleges that Defendants violated his civil rights by not permitting outdoor recreation time for an extended period while Plaintiff was confined in the Southwest Arkansas Community Correction Center ("SACC").  *Id*. at p. 4-5.  Specifically, Plaintiff alleges "No outside or rec time was granted in the 6 months I was incarcerated. We as residents were taken to the 'yard' on only 3 occasions over 6 months."  *Id*. at p. 4.  Plaintiff seeks compensatory and punitive damages for the health issues he alleges were caused by the lack of exercise during his confinement.  *Id*. at p. 9.

Defendants subsequently filed a Motion to Dismiss.  ECF No. 10.  Defendants assert that Plaintiff's official capacity claims are barred by sovereign immunity and that Plaintiff's individual

capacity claims are barred by qualified immunity.  *Id*.  Plaintiff responded in opposition, arguing that his conditions of confinement clearly constituted cruel and unusual punishment.  ECF No. 15, p. 1-4.  On September 15, 2020, Judge Bryant issued the instant Report and Recommendation in which he recommends that Defendants' motion be granted.  ECF No. 19.  Plaintiff submitted an objection to the report and recommendation, arguing that he has sufficiently alleged that his right to be free from cruel and unusual punishment was violated.  ECF No. 20.

## II. DISCUSSION

### A. Standard of Review

Plaintiff filed a timely objection to Judge Bryant's Report and Recommendation.[1]   The Court finds that his objection is specific enough to trigger a de novo review of Judge Bryant's recommendation.  *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (specific objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*); *see also* 28 U.S.C. § 636(b)(1).

A complaint must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  "When evaluating a motion to dismiss, we accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but we are not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' or legal conclusions couched as factual allegations."  *McDonough v. Anoka County*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted).  The complaint does not need to make out a claim that is probable, only one that rises above speculation to state a claim that on its face is plausible.  *See id*. at 945-46.  Pleadings filed

---

[1] While the objection was not filed until October 3, 2022, Plaintiff mailed his timely objection on September 22, 2022. ECF No. 20, p. 30.

2

pro se must be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted).

### B. Official Capacity Claims

Judge Bryant's recommendation determined that Plaintiff's official capacity claims are barred under the doctrine of sovereign immunity.  ECF No. 19, p. 3-4.  Judge Bryant notes that Plaintiff's official capacity claims are functionally claims against the State of Arkansas, which is generally immune from suit.[2]  *Id*.  Therefore, Judge Bryant concludes that Defendants' motion to dismiss these claims should be granted.  Plaintiff's objection concedes that his official capacity claims are barred and requests that these claims be "dropped."  ECF No. 20, p. 2.

Judge Bryant's conclusion is correct.  "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself."  *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citation omitted).  Therefore, the official capacity claims against Defendants are claims against the State of Arkansas, which are barred under the doctrine of sovereign immunity.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-71 (1989) (holding that a state's Eleventh Amendment immunity from suit applies to claims brought under 42 U.S.C. § 1983).  Accordingly, Plaintiff's official capacity claims must be dismissed.

### C. Individual Capacity Claims

Judge Bryant's recommendation determined that Plaintiff's individual capacity claims are barred under the doctrine of qualified immunity.  ECF No. 19, p. 3-4.  After noting the standards for evaluating the type of Eighth Amendment unconstitutional condition of confinement claims

---

[2] The SACC is a facility operated by the Arkansas Department of Corrections in Texarkana, Arkansas.

brought by Plaintiff, Judge Bryant determined that Plaintiff has failed to allege a plausible violation. *Id.* Particularly, Judge Bryant compares Plaintiff's allegations regarding a lack of outside recreation time to similar instances in which the Eighth Circuit has determined that no violation of the Eighth Amendment has occurred. *Id.* Therefore, Judge Bryant concludes that Defendants are entitled to qualified immunity and that these claims should be dismissed. *Id.* at p. 4-5. Plaintiff's objection focuses on the disparity between his lack of outdoor recreation time and the recreation time required by the official policies of the Arkansas Department of Corrections. ECF No. 20. at pp. 3-5, 9-12. Plaintiff cites this disparity as an indication that he has alleged a valid claim for unconstitutional conditions of confinement and that his claim should not be barred by qualified immunity. *Id.* at p. 6-9.

"Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Masters v. City of Independence, Missouri*, 998 F.3d 827, 835 (8th Cir. 2021) (quotation omitted). The two inquiries in evaluating whether a government official is entitled to qualified immunity are "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Id.* (quotation omitted). A court is free to determine which prong of the qualified immunity inquiry should be addressed first. *See Johnson v. Carroll*, 658 F.3d 819, 825 (8th Cir. 2011) (citation omitted).

The Eighth Amendment's protection against cruel and unusual punishment requires that the conditions of a prisoner's confinement be humane. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A claim asserting conditions of confinement that violate the Eighth Amendment requires showing the existence of "objectively harsh conditions of confinement" with "a subjectively

culpable state of mind" by those who created the conditions. *Scott v. Correct Care Solutions*, 2021 WL1806560 at *3 (E.D. Ark. Apr. 20, 2021) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993)). Conditions of confinement are objectively unconstitutional when they deprive a prisoner of the "minimal civilized measure of life's necessities." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (quotation omitted). A defendant's conduct must demonstrate "deliberate indifference to the health and safety of a prisoner" and that the defendant was "aware of but disregarded an excessive risk to inmate health or safety." *Id*. (quotations omitted).

A claim alleging unconstitutional conditions of confinement based of a lack of opportunities to exercise should consider "(1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). The lack of an opportunity to exercise outside or in a large area while imprisoned on its own does not create a violation of an inmate's Eighth Amendment right to humane confinement. *See Stewart v. Crawford*, 452 F. App'x 693, 694 (8th Cir. 2011) (the opportunity to exercise in one's cell diminishes a claim of denial of adequate exercise); *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (months without going outside to exercise does not create a constitutional violation when there are opportunities to exercise inside); *Hasna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) ("Requiring an inmate to exercise in an enclosed area is not itself a per se violation of the Eighth Amendment.").

The Court finds that Judge Bryant is correct that Plaintiff has failed to sufficiently allege that Defendants have deprived him of a constitutional right. Plaintiff's only clear factual allegation in his complaint is that he was permitted outside a total of three times in a six-month span during his confinement in the SACC. The allegation of being kept indoors is insufficient on its own to establish a plausible violation of his right to humane conditions of confinement. *See Stewart*, 452

F. App'x at 694; *Rahman X*, 300 F.3d at 974; *Hasna*, 80 F.3d 306.  Even a liberal interpretation of Plaintiff's complaint cannot meet the pleading standard when there are no factual allegations addressing what indoor opportunities existed for physical activity, whether outside or within his cell.  *Wishon*, 978 F.2d at 449 (noting that the availability for exercise inside a cell or outside the cell in any capacity must be a factor in evaluating a claim based on lack of exercise opportunities).  Also, Plaintiff's reliance on Defendants' alleged violations of the official policies of the Arkansas Department of Corrections is inadequate to properly establish a claim for a violation of his rights.  *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (§ 1983 claim must be based on violation of a constitutional right and cannot be established through violation of a prison policy).  Therefore, the Court finds that Plaintiff failed to sufficiently allege that Defendants deprived him of a constitutional right and thus Defendants are entitled to qualified immunity.

### III. CONCLUSION

For the reasons stated above, the Court finds that Judge Bryant's Report and Recommendation (ECF No. 19) should be and hereby is adopted *in toto*.  Plaintiff's claims are barred by sovereign and qualified immunity.  Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED**.

**IT IS SO ORDERED**, this 30th day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge